# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-086V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *

MICHELLE SCHNEIDER *on behalf of her*    *
*minor child*, R.S.,    *
   *
           Petitioner,    *
     v.    *
   *
SECRETARY OF HEALTH    *
AND HUMAN SERVICES,    *
   *
           Respondent.    *
   *

Special Master Corcoran

Filed: August 31, 2016

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine
Act; Denial Without Hearing.

* * * * * * * * * * * * * * * * * * * * * * * * *

*Meredith Michelle Troberman*, Carroll Troberman, PLLC, Austin, TX, for Petitioner.

*Lisa Ann Watts*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On January 28, 2015, Michelle Schneider filed a petition on behalf of her minor child, R.S., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the Haemophilus Influenzae Type B ("Hib") vaccine that R.S. received on January 26, 2012, caused her to develop injuries, including Chronic Encephalopathy. *See* Petition ("Pet.") at 1.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner originally filed this petition pro se, but upon a motion to substitute counsel, Meredith Troberman became the attorney of record on April 8, 2015. In order to file the medical records needed in this case, Petitioner filed three motions for extensions of time, all of which were granted. During that time, on September 22, 2015, the 240-day time period for the special master's issuance of a decision lapsed and Petitioner elected to continue in the program.

After Petitioner filed numerous medical records in late October, the parties filed a joint status report stating that additional medical records were needed, and requesting that the filing date for their Joint Statement of Completion be moved to January 30, 2016. *See* Report, dated Dec. 12, 2015 (ECF No. 52). Many of those medical records were filed in error, stricken from the record, and replaced by the correct records in the form of a CD. On May 5, 2016, the parties filed a statement of completion.

Respondent's Rule 4(c) Report, filed on June 7, 2016, contested the appropriateness of an entitlement award. *See* Report, dated June 7, 2016 (ECF No. 96). Petitioner subsequently filed an unopposed motion on August 10, 2016, requesting a decision dismissing her claim (ECF No. 98). In it, Petitioner stated that "[a]n investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."*Id*. Petitioner also stated her understanding that the requested decision will end all of her rights in the Vaccine Program. *Id*. Ms. Schneider, on behalf of R.S., intends to protect her rights to file a civil action in the future, but in an effort not to waste judicial resources, requests dismissal of her current claim. *Id*. at 1-2. Respondent does not object.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that R.S. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that the alleged injury that R.S. experienced could have been caused or significantly aggravated by the vaccine that she received on January 26, 2012.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master